UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE CARD,<br><br>  Plaintiff,<br><br>v.<br><br>NATE GARTRELL, et al.,<br><br>  Defendants. | Case No. 24-cv-00986-AMO (PR)<br><br>**ORDER OF DISMISSAL OF AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND** |

## I.  INTRODUCTION

Plaintiff Christopher Lee Card, who is currently in custody at the Santa Rita Jail ("SRJ"), filed the instant civil rights action pursuant to 42 U.S.C. § 1983, representing himself, alleging constitutional violations prior to his confinement at SRJ.

Upon initial review, the Court dismissed the complaint with leave to amend so that Card could attempt to cure several deficiencies. *See* Dkt. 12. Plaintiff then filed several documents entitled, "Amended Complaint." Dkts. 9, 10, 11. The Court considers the most recently filed amended complaint as the operative complaint, in which he seeks monetary relief. Dkt. 11. It is now before the Court for review under 28 U.S.C. § 1915A. *Id.* Under 28 U.S.C. § 1915A, the Court must screen most prisoner civil actions to, among other things, identify cognizable claims and dismiss claims that fail to state a claim upon which relief may be granted.

## II.  DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). Pleadings submitted by self-represented plaintiffs must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     The Amended Complaint

The amended complaint, like the original complaint, alleges a defamation claim against Defendants "The Mercury News" and Nate Gartrell, who Card alleges is a "court reporter [with] the Mercury News." Dkt. 11 at 2. Card against fails to state a cognizable federal civil rights claim under section 1983 because he does not allege that these defendants were acting under color of state law. A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (citation and internal quotation marks omitted). A private individual generally does not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Specifically, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citations omitted). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Est. of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 121 S. Ct. 924, 930 (2001) (internal quotation marks omitted). The Supreme Court has found state action when a challenged activity results from the State's exercise of coercive power; when the State provides significant encouragement for the activity; or when a private actor operates as a willful participant in joint activity with the State. *See id.* at 930.

Here, Card alleges no facts in his amended complaint suggesting that the conduct of either "The Mercury News," which is a private organization, or Mr. Gartrell, a private actor, could fairly be treated as conduct of the State itself. *See* Dkt. 11. Because purely private conduct, no matter how wrongful, is not covered under section 1983, *see Van Ort*, 92 F.3d at 835, Defendants are not state actors and are not amenable to suit under section 1983. Accordingly, Card's claims against "The Mercury News" and Mr. Gartrell are **DISMISSED** without further leave to amend.

### III.  CONCLUSION

For the foregoing reasons, the claims against Defendants are not cognizable and this action is **DISMISSED** for failure to state a claim upon which relief may be granted.

Further, this Court **CERTIFIES** that any *in forma paupeis* ("IFP") appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated:   October 3, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**